# EXHIBIT A

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA**

Ronald Davis,

    Plaintiff,

v.                                             Case No.:

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant,
_____/

**STATEMENT OF CLAIM AND DEMAND FOR JURY TRIAL**

Plaintiff Ronald Davis ("Plaintiff"), by and through her undersigned counsel, seeks redress for the unlawful practices of Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), to wit, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"), and in support thereof, alleges the following:

**NATURE OF THE ACTION**

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

1 | P a g e

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692c(b) of the FDCPA provides that "[e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."[1]

5. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v.*

---

[1] The exceptions listed in section 1692b of the FDCPA are inapplicable in this case.

*Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also*, *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

6. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

## II.  THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

7. "The Florida Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." *In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

8. The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
>
> [...]

3 | Page

>  (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

Fla. Stat. § 559.72.

9. In applying and construing the FCCPA, "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. § 559.77(5).

10. As set forth in more detail below, Defendant's written communications to Plaintiff violate the aforementioned and/or foregoing provisions of the FDCPA and FCCPA, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

11. This is an action for damages greater than $500 but less than $2,500, exclusive of attorney's fees and costs.

12. This action arises out of the Defendant's unlawful conduct, to wit, the acts and/or omissions of the Defendant in attempting to collect a consumer debt from Plaintiff violated the FDCPA and FCCPA.

13. Venue in Indian River County is proper because Plaintiff resides here, the Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

14. Plaintiff is natural person, and a citizen of the State of Florida, residing in Indian River County, Florida.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

16. Defendant does business in Florida.

17. Defendant holds itself out as a business providing debt collection services and identified itself as a debt collector when communicating with Plaintiff.

18. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

22. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

23. At all times material hereto, Defendant was subject to the FCCPA. *See, e.g., Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

24. Plaintiff is alleged to owe a financial obligation (hereinafter the "Alleged Debt").

25. The Alleged Debt consists of amounts allegedly due for consumer/personal purchases.

26. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

27. On or about March 29, 2021, Defendant caused to be sent a written communication to Plaintiff (hereinafter "Defendant's Collection Letter"). A true and correct copy of

Defendant's Collection Letter is attached hereto as "Exhibit A".

28. Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

29. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff.

30. Upon information and belief, Defendant did not generate, print and/or transmit Defendant's Collection Letter to Plaintiff. Instead, Defendant outsourced the generation, printing, and/or transmission of Defendant's Collection Letter to a third-party vendor (hereinafter "Vendor").

31. In connection with Defendant's above-described outsourcing, Defendant communicated to Vendor information regarding Plaintiff's alleged debt including, but not limited to, Plaintiff's name, address, status as an alleged debtor, alleged account balance, alleged account number, and/or alleged creditor.

32. Plaintiff did not consent to Defendant's communication with Vendor.

33. The information communicated to Vendor by Defendant affects Plaintiff's reputation.

34. All conditions precedent to the filing of this action have occurred or been waived.

## COUNT I – VIOLATION OF THE FDCPA

35. Plaintiff re-asserts and re-alleges paragraphs 1 through 34 as if fully restated herein.

36. As detailed more fully above, Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff by and through Defendant's Collection Letter. In doing so, Defendant violated the FDCPA, to wit:

    a. Section 1692c(b) by communicating, in connection with the collection of any debt,

with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without Plaintiff's prior consent given directly to Defendant. *See, e.g., Hunstein v. Preferred Collection and Mgt. Services, Inc.*, 19-14434, 2021 WL 1556069 (11th Cir. Apr. 21, 2021).

37. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff's statutory right to privacy with respect to Plaintiff's financial information has been violated. *Hunstein v. Preferred Collection and Mgt. Services, Inc.*, 19-14434, 2021 WL 1556069, at *4 (11th Cir. Apr. 21, 2021)("Notably, the FDCPA's statutory findings explicitly identify "invasions of individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a). And to that end, the statutory provision under which Hunstein has sued here expressly prohibits a debt collector from "communicat[ing]" with any but a few persons or entities "in connection with the collection of any debt." *Id.* § 1692c(b). Although § 1692c(b) isn't identical in all respects to the invasion-of-privacy tort, we have no difficulty concluding that it bears "a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 136 S. Ct. at 1549."); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)("Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete—*i.e.*, 'real'—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges

she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. *See Spokeo, Inc.*, 578 U.S. at ——, 136 S.Ct. at 1549; *Havens Realty Corp.*, 455 U.S. at 373, 102 S.Ct. 1114. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA. Accordingly, Church has sufficiently alleged that she suffered a concrete injury, and thus, satisfies the injury-in-fact requirement.")(internal footnotes omitted); *McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt […] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. […] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

38. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration, and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT II – VIOLATION OF THE FCCPA

39. Plaintiff re-asserts and re-alleges paragraphs 1 through 34 as if fully restated herein.

40. As detailed more fully above, Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff by and through Defendant's Collection Letter. In doing so, Defendant violated the FCCPA, to wit:

    a. Section 559.72(5) by Disclosing to a person other than the Plaintiff or her or his family information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

41. As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited to fear, stress, confusion, deception, anxiety and worry, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

## DEMAND FOR JURY TRIAL

42. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(b) Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) A declaration that Defendant's collection effort as detailed herein violate the FCCPA;

(e) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and

Fla. Stat. § 559.77(2); and

(f)  Any other relief that the Court deems appropriate and just under the circumstances.

DATED: July 16, 2021

Respectfully submitted by:

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2110 West Platt Street
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff

MCM | Midland Credit Management | 350 Camino De La Reina Suite 100 San Diego, CA 92108

Exhibit A

Original Creditor
SYNCHRONY BANK
JETSON

Original Account Number
xxxxxxxxxxxx4165

**Midland Credit Management, Inc. is a debt collection company.**

3/29/2021

$1,333.49

You are pre-approved for a
**10% discount!**

Ronald Davis Jr
1438 40th Ave Apt B1
Vero Beach, FL 32960-2754

P44 T1506 021 

Reply Now MidlandCredit.com or call
877-875-5578 by 4/28/2021

## Choose the Option That Works for You.

Midland Credit Management, Inc. gives you options to manage your account: make an online payment at MidlandCredit.com or call 877-875-5578. Whatever one you choose, we are offering you these fantastic savings below:

**OPTION 1**

**10% off**

You Pay Only:
**$1,200.14***

Offer Expiration Date:
4/28/2021

**OPTION 2**

**5% off**

Monthly Payments of
$211.14**

First Payment Due Date: 4/28/2021

Visit MidlandCredit.com or
Call 877-875-5578 Now

**ACCOUNT INFORMATION**

Current Owner:
Midland Funding, LLC

Original Account Number:
xxxxxxxxxxxx4165

MCM Account Number:
308252815

Current Balance:
$1,333.49

Let's put this debt behind you. Visit MidlandCredit.com, or call 877-875-5578 today, to pay off your account and regain your financial freedom!

Sincerely,

*Tim Bolin*

Division Manager

*To take advantage of Option 1, log in to MidlandCredit.com, choose "MAKE A PAYMENT" and follow the on-screen instructions. You may also call 877-875-5578.
**Option 2 is only available by calling 877-875-5578.

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

We are not obligated to renew any offers provided.

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## IN AND FOR INDIAN RIVER COUNTY, FLORIDA

Ronald Davis,

    Plaintiff,

vs.                                                                            CASE NO.:

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

_____/

## DESIGNATION EMAIL ADDRESS FOR SERVICE OF COURT DOCUMENTS

KUHN RASLAVICH, P.A., by and through the undersigned attorneys, hereby designate the following email addresses for use pursuant to the Florida Rule of Judicial Administration 2.516:

Ben@thekrfirm.com
Clay@thekrfirm.com
Service1@thekrfirm.com

## CERTIFICATION OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the summons in this action.

DATED: July 16, 2021

| | |
|---|---|
| /s/ *Clayton Kuhn* | /s/ *Benjamin W. Raslavich* |
| **CLAYTON T. KUHN, ESQ.** | **BENJAMIN W. RASLAVICH, ESQ.** |
| Florida Bar No.: 97982 | Florida Bar No.: 0102808 |
| **KUHN RASLAVICH, P.A.** | **KUHN RASLAVICH, P.A.** |
| 2110 West Platt Street | 2110 West Platt Street |
| Tampa, FL 33606 | Tampa, FL 33606 |
| Telephone: (813) 422-7782 | Telephone: (813) 422 – 7782 |
| Facsimile: (813) 422-7783 | Facsimile: (813) 422 – 7783 |
| clay@thekrfirm.com | ben@thekrfirm.com |
| Counsel for Plaintiff | Counsel for Plaintiff |

IN THE COUNTY COURT IN AND FOR THE NINETEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA
IN AND FOR INDIAN RIVER COUNTY

CASE NO: 312021SC001379XXXXXX

RONALD DAVIS
    Plaintiff(s)

ASSIGNED TO JUDGE: NICOLE MENZ

VS.

MIDLAND CREDIT MANAGEMENT INC
    Defendant(s)

## SUMMONS/NOTICE TO APPEAR FOR PRE-TRIAL CONFERENCE

STATE OF FLORIDA-NOTICE TO PLAINTIFF(S) AND DEFENDANT(S) MIDLAND CREDIT MANAGMENT INC BY SERVING REGISTERED AGENT MIDLAND FUNDING LLC 13008 TELECOM DRIVE STE 350 TAMPA, FL 33637,
YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the INDIAN RIVER COUNTY COURTHOUSE in Courtroom 3, located at 2000 16th AVENUE, VERO BEACH, FLORIDA, on the 12th day of August, 2021, at 1:30 pm for a PRE-TRIAL CONFERENCE before a Judge of this Court.

***IMPORTANT - READ CAREFULLY***
THIS CASE WILL NOT BE TRIED AT THIS TIME.
DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The Defendant(s) must appear in court on the date specified in order to avoid a Default Judgment. The Plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the Plaintiff(s) or the Defendant(s) SHALL NOT excuse the personal appearance of a party or its attorney at the PRE-TRIAL CONFERENCE. The date and/or time of the Pre-Trial Conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the Pre-Trial Conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for Trial if the case cannot be resolved at the Pre-Trial Conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been made to settle the dispute; exhibit any documents necessary to prove the case; state the names and addresses of your witnesses; stipulate to the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold Judgment or Execution or Levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file suit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the Defendant(s) have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on unsecured promissory note, where note is signed or where maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued resides; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you may file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

A copy of the statement of claim shall be served with this summons.

DATED at Vero Beach, Florida, on July 19, 2021.

JEFFREY R. SMITH
CLERK OF COUNTY COURT
INDIAN RIVER COUNTY
VERO BEACH, FLORIDA 32960

BY: _____  07/19/2021
　　　　　Deputy Clerk

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

**ENGLISH:**
**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Lisa Jaramillo, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**SPANISH:**
**Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Lisa Jaramillo, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.**

**KREYOL:**
**Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Lisa Jaramillo, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.**